DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Damon Smith, appeals the decision of the Summit County Court of Common Pleas, which found him guilty of possession of cocaine and resisting arrest. This Court affirms.
 I. {¶ 2} Officers Matthew Beech and Brian Stevens of the Akron Police Department were dispatched to the Edgewood Homes area in response to a call from a female who stated that a male in her apartment was refusing to leave despite having been requested to do so. *Page 2 
 {¶ 3} The officers arrived on the scene and began knocking at the door when a female approached from a neighbor's apartment. The woman identified herself as the person who called police. She told the officers that she had been fighting with her boyfriend and that he refused to leave the apartment.
 {¶ 4} Upon entering the apartment, the officers came upon Mr. Smith and learned that he had an outstanding warrant for his arrest for failure to pay child support. The officers placed Mr. Smith under arrest, handcuffed him, and escorted him to the police cruiser. Before removing Mr. Smith from the apartment, Officer Beech did a pat down to check him for weapons. On the way out to the cruiser, Mr. Smith continuously yelled at the female and attempted to pull away from the officers. At one point, Mr. Smith kicked Officer Beech in the right knee and Officer Stevens struck him and took him to the ground. The officers then called a paddy wagon to come pick up Mr. Smith. While waiting in the back of the cruiser for the paddy wagon, Mr. Smith continued to yell at the female and flail around in the back seat, kicking at the windows. As the officers were transferring Mr. Smith to the paddy wagon, Officer Beech noticed a white lump in the floor board of the cruiser where Mr. Smith was sitting. After escorting Mr. Smith most of the way to the paddy wagon with Officer Stevens, Officer Beech returned to the cruiser and discovered that the white lump was a clear baggie containing a substance that was later determined to be 123.23 grams of powder cocaine. *Page 3 
 {¶ 5} Mr. Smith was indicted by the Summit County Grand jury on one count of trafficking in cocaine, a violation of R.C. 2925.03, one count of possession of cocaine, a violation of R.C. 2925.11, and one count of resisting arrest, a violation of R.C. 2921.33. Mr. Smith pled not guilty and the matter proceeded to a jury trial. At the conclusion of the trial, the jury found Mr. Smith not guilty of trafficking in cocaine, but guilty of possession of cocaine and resisting arrest. Mr. Smith was sentenced to a total term of two years incarceration.
 II. ASSIGNMENT OF ERROR I "THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A FINDING OF GUILT FOR POSSESSION OF COCAINE OR RESISTING ARREST."
 ASSIGNMENT OF ERROR II "THE VERDICT OF GUILTY OF POSSESSION OF COCAINE AND RESISTING ARREST WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED BY NOT GRANTING DEFENSE COUNSEL'S [CRIM.R.] 29 MOTION."
 {¶ 6} Mr. Smith argues that his convictions were not supported by sufficient evidence and are against the manifest weight of the evidence. He further asserts that the trial court erred in denying his Crim.R. 29 motion for acquittal as to both charges. This Court disagrees. *Page 4 
 {¶ 7} As a preliminary matter, we observe that sufficiency of the evidence and weight of the evidence are legally distinct issues.State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 8} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates "that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
 {¶ 9} "While the test for sufficiency requires a determination of whether the [S]tate has met its burden of production at trial, a manifest weight challenge questions whether the [S]tate has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a *Page 5 
manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 10} Sufficiency of the evidence is required to take a case to the jury; therefore, "a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency."State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 11} Therefore, we will address Mr. Smith's claims that his convictions were against the manifest weight of the evidence first, as they are dispositive of his claims of insufficiency. We will address Mr. Smith's arguments as they relate to each individual offense.
Possession of Cocaine {¶ 12} R.C. 2925.11(A) provides that, "[n]o person shall knowingly obtain, possess, or use a controlled substance." "Possession may be actual or constructive." State v. Fry, 9th Dist No. 23211,2007-Ohio-3240, at ¶ 47, quoting State v. Kobi (1997),122 Ohio App.3d 160, 174. "Constructive possession has been defined as `knowingly [exercising] dominion and control over [the drugs], even though [they] may not be within his immediate physical possession.'" State v.Hardison, *Page 6 
9th Dist. No. 23050, 2007-Ohio-366, at ¶ 22, quoting State v.Hankerson (1982), 70 Ohio St.2d 87, syllabus. See, also, State v.Wolery (1976), 46 Ohio St.2d 316, 329. Furthermore, ownership need not be proven to establish constructive possession. State v. Mann (1993),93 Ohio App.3d 301, 308. Circumstantial evidence is sufficient to support the elements of constructive possession. See State v. Jenks (1991),61 Ohio St.3d 259, 272-73.
 {¶ 13} Officer Matthew Beech testified on behalf of the State at trial. Officer Beech testified that he inspected his cruiser prior to starting his shift on June 20, 2006. He stated that nothing was in the back seat except some trash, which he and his partner discarded before they went out on patrol. Officer Beech testified that the back seat of the cruiser is a one-piece fiberglass unit and there are no cushions under which to hide contraband. Officer Beech further testified that it is impossible to put something under the seat.
 {¶ 14} In response to a domestic call, Officer Beech and his partner, Officer Brian Stevens, went to an apartment located at 722 Westerly, in Akron. Officer Beech testified to the following events upon arrival at the scene. When Officer Beech and his partner arrived on the scene, they discovered that Mr. Smith had an outstanding warrant for failure to pay child support. After placing Mr. Smith under arrest, he was removed from the apartment and placed in the back of the cruiser. Officer Beech also testified that Mr. Smith was the first person that was placed in the back of the cruiser that night. Before removing Mr. Smith from the *Page 7 
house, Officer Beech patted him down to check for weapons or contraband. Officer Beech called for a paddy wagon to come and get Mr. Smith. While Mr. Smith was in the back of the cruiser, he continued to yell at the woman who called the police, spit on the window, and attempted to kick out the window. When the wagon arrived, he and his partner removed Mr. Smith from the cruiser and placed him in the wagon. As they were removing Mr. Smith from the cruiser, Officer Beech observed a white lump on the floor of the cruiser. Officer Beech walked Mr. Smith half way to the paddy wagon and returned to the cruiser while his partner secured Mr. Smith in the wagon.
 {¶ 15} When he went back to the cruiser, Officer Beech found a clear plastic baggie containing what was later determined to be 123.23 grams of powder cocaine in plain view on the floor board of the cruiser where Mr. Smith had been sitting.
 {¶ 16} Officer Stevens also testified on behalf of the State and corroborated Officer Beech's testimony. With regards to questions by Mr. Smith's attorney as to why the cocaine was not found during Officer Beech's search of Mr. Smith, Officer Stevens responded that he was aware of cases in which a detainee was in possession of drugs, but the drugs were not found or were missed during an initial search.
 {¶ 17} Mr. Smith testified on his own behalf at trial. Mr. Smith testified that he came down the stairs wearing only a pair of shorts when the officers first *Page 8 
entered the apartment. Mr. Smith stated that he later put a shirt on that was lying on the couch and eventually put his socks and shoes on. Mr. Smith testified that the only thing he had in his pockets was $12. Mr. Smith denied ownership of the cocaine that was found in the cruiser. Mr. Smith also denied kicking Officer Beech.
 {¶ 18} In this case, the jury heard testimony from several witnesses, including testimony from Mr. Smith that conflicted with the testimony of the State's witnesses. "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."State v. DeHass (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus. The trier of fact is in the best position to judge the credibility of the witnesses. In the present matter, the jury believed the testimony of the State's witnesses.
 {¶ 19} Given the testimony of Officers Beech and Stevens, the jury could have found that Mr. Smith constructively possessed the cocaine that Officer Beech found in the cruiser. Therefore, this Court cannot conclude that the jury clearly lost its way when it convicted Mr. Smith of possession of cocaine.
Resisting Arrest {¶ 20} Mr. Smith was also convicted of resisting arrest, a violation of R.C. 2921.33(B), which states: "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a *Page 9 
law enforcement officer." R.C. 2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."
 {¶ 21} Mr. Smith argues that because the ambulance was called to treat him and only him after he had been placed under arrest, the evidence was insufficient to support his conviction for resisting arrest. However, at trial, both Officer Beech and Officer Stevens testified that Mr. Smith continuously tried to pull away when they were taking him from the apartment to the cruiser. Officer Beech testified that after about four or five times of Mr. Smith's pulling away and his straightening him out, Mr. Smith kicked him in his right knee. At that point, Mr. Smith was struck by Officer Stevens and taken to the ground in order to get him under control. R.C. 2921.33(B) does not require that the officer seek medical treatment in order for a person to be found guilty of resisting arrest. This Court finds that the trial court did not err in convicting Mr. Smith of resisting arrest.
 {¶ 22} Having disposed of Mr. Smith's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. SeeRoberts, supra. Mr. Smith's assignments of error are overruled.
 III. {¶ 23} Mr. Smith's assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 10 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. MOORE, J. CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
 *Page 1